UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHOENMANN,<br><br>   Plaintiffs,<br><br>  v.<br><br>SCHOENMANN<br><br>   Defendants. | Case No. 25-cv-00142-EMC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Docket No. 7 |

## I.   INTRODUCTION

The Chapter 7 Trustee for the bankruptcy estate of Lynn Schoenmann (Ms. Schoenmann, "Debtor"), Jason M. Rund ("Trustee"), moves to dismiss the appeals of Stuart Schoenmann (hereinafter "Executor"), individually and as executor for the Estate of Donn R. Schoenmann, Celeste Lytle, Beth Schoenmann, and Colette Sims (adult children of Mr. Schoenmann) (collectively hereinafter "Petitioners").[1]

The Trustee seeks to dismiss Petitioners appeal of the following three orders:

  1. "Order On Chapter 7 Trustee's Motion for Order 1) Approving Abandonment Of All Idyllwild Personal Property And One Arizona Painting Forty-Five (45) Days After Entry Of Order; And, 2) Authorizing Trustee To Dispose Of All Personal Property Remaining In The Idyllwild Residence And Arizona Painting Forty-Five (45) Days After Entry Of The Order," entered November 19, 2024 (Bankruptcy Court Docket Entry No.

---

[1] Trustee asks the Court to take judicial notice of the bankruptcy court's denial of Petitioner's request to stay the bankruptcy proceedings during the pendency of the appeal. The Court hereby takes notice of the order. *See* Docket 10 ("Bankruptcy Order Denying Stay").

1  614) (the "**Personal Property Abandonment Order**");

2      2. "Order Granting Chapter 7 Trustee's Motion For Order: 1) Approving Abandonment Of The Estate's Interest In The Inherited IRA And Two Required Minimum Distributions; 2) Authorizing The Trustee To Remit One Of The Required Minimum Distribution Funds To The Debtor," entered December 9, 2024 (Bankruptcy Court Docket Entry No. 630) (the "**Inherited IRA/RMD Order**"); and

    3. "Order Re: Arizona Painting," entered December 11, 2024 (Bankruptcy Court Docket Entry No. 631) (the "**Arizona Painting Order**").

For the following reasons, the Court **GRANTS** Trustee's Motion to Dismiss the Appeal.

## II.   BACKGROUND

There is a lengthy background surrounding the Schoenmann family. The brief summary is that Mr. and Mrs. Schoenmann held various types of properties together. There was a dispute as to the ownership rights. Two years before Mr. Schoenmann passed, he terminated joint tenancy survivorship rights in properties he acquired with Ms. Schoenmann. Ms. Schoenmann then obtained from Mr. Schoenmann a post-marital agreement and deeds that purported to reinstate her survivorship rights in the couple's Real Property Assets. *See* Exhibit "4" at p.69*ff*. This post-marital agreement was later deemed invalid in a Tentative Decision (on December 27, 2021) by a California Superior Court, holding that the 2016 Post-Marital Agreement "was the product of undue influence and as a result is invalid." *See* Exhibit "5" at p. 63. Shortly thereafter (January 14, 2021), Ms. Schoenmann sought Chapter 11 bankruptcy protection, which was later converted to Chapter 7 (in September 2023). *See* Exhibit "7," Exhibit "A" at p. 59. Petitioners then actively participated, consensually, in three significant, Bankruptcy Court-approved real property sales to third parties. *See* Rund Decl. at ¶13

Petitioner appeals five Bankruptcy Orders in this case, but at issue in the present motion are the three above: (1) Personal Property Abandonment Order; (2) Inherited IRA/RMD Order; and (3) Arizona Painting Order.

### 1. Personal Property Abandonment Order, Arizona Painting Order

On November 19, 2024, the bankruptcy court entered an order ("Personal Property Abandonment Order") approving the Chapter 7 Trustee's motion to abandon and dispose of certain personal property located at real property in Idyllwild, CA, and one painting located in Arizona ("Arizona Painting"). *See* Docket 10. That order was not stayed. *Id*. As to the personal property located in Idyllwild, the bankruptcy court stated that the Trustee worked with Petitioners on two separate occasions to walk through and collect personal property that Petitioners claim is property of Donn Schoenmann's probate estate. *Id*. The bankruptcy court also stated that the Trustee worked with Anna Schoenmann, Debtor and Donn Schoenmann's adult daughter, to collect what amounted to twelve items that were either Anna's separate personal property, or property not collected by Petitioners on previous visits. *Id*.

On December 11, 2024, the bankruptcy court issued an order regarding the Arizona Painting ("Arizona Painting Order") that permitted either the Debtor to cover costs for delivery of the Arizona Painting, or permitted Trustee to dispose of the painting entirely. *Id*.

The trustee then proceeded to follow the bankruptcy court's orders, and disposed of the remaining personal property of *de minimus* value.  The Trustee inventoried and valued and, ultimately sought to abandon this personal property as it was worth, in the aggregate, less than $4,500.  *See* Exhibit "8" at pp. 5 – 6.

As detailed in Trustee's Motion at pages 8-9, this personal property included:

• *Arizona Painting*. Amongst the personal property in the Scottsdale Condo was a 60" x 30" Alexis Hale painting (the "Arizona Painting"), valued at approximately $1,000. Ms. Schoenmann and Petitioners each insist the Arizona Painting belongs to them. *Cf*. Exhibit "9;" Exhibit "10."   Per the Arizona Painting Order, the Arizona Painting was shipped to Ms. Schoenmann at her own expense on January 10, 2025 and abandoned by the Trustee.

• *Miscellaneous Idyllwild Personal Property*. The Idyllwild Home and Lot contained

3

personal property (the "Idyllwild Personal Property") valued altogether at approximately $3,378.37. *See* Exhibit "8" at pp.5 – 6. Due to the imminent, pending sale of the Idyllwild Real Property, the Personal Property Abandonment Order also authorized the Trustee to dispose of the Idyllwild Personal Property as his discretion. Petitioners were offered the opportunity to retrieve the Idyllwild Personal Property on two separate occasions, and they recovered some of it. Debtor's two adult children subsequently recovered some of the remaining Idyllwild Personal Property. The remaining Idyllwild Personal Property was left on site for the purchaser of the Idyllwild Real Property. *See* Rund Decl. at ¶13. Notably, the Debtor's two adult children and the purchaser of the Idyllwild Real Property are not parties to this appeal.

2. Retirement Assets

Additionally, the Trustee sought abandonment of certain of Ms. Schoenmann's exempt retirement assets: (i) a $115,102 First Republic Securities, LLC IRA ostensibly inherited from her late brother John Aho ("Inherited IRA"); (ii) a $23,070.03 required minimum distribution for 2022 ("2022 RMD"); and (iii) a $18,959.81 required minimum distribution for 2023 ("2023 RMD") maintained in a separate CD at the Bank of Marin.

Ms. Schoenmann claims complete ownership of these assets; the Petitioners, on the other hand, claim a community property interest on Mr. Schoenmann's behalf. Meanwhile, the Bankruptcy Court issued three separate "Sequestration Orders" requiring Ms. Schoenmann to (i) maintain in sequestered accounts (at Bank of Marin) the Inherited IRA, the 2022 RMD, the 2023 RMD, and similarly, the 2024 required minimum distribution ("2024 RMD"); and (ii) provide Petitioners with a written "audit trail" of any administration of funds consistent with this sequestration.

The Bankruptcy Court's December 9, 2024 Inherited IRA/RMD Order authorized the Trustee's abandonment of the Inherited IRA, the 2022 RMD, and the 2023 RMD. Petitioners appealed this Order on December 19, 2024. The Trustee has since abandoned the estate's interest in the Inherited IRA, the 2022 RMD, and the 2023 RMD. *See* Rund Decl. at ¶ 17.

4

3. <u>This Appeal</u>

Petitioners appealed all three orders on December 19, 2024. They ultimately sought a stay of these orders in the Bankruptcy Court pending their appeal – but did not do so until nearly 60 days after the Bankruptcy Court's original (November 19) order, and nearly 30 days after its subsequent (December 9 and 11) orders. The Bankruptcy Court denied Petitioners' stay request on February 7, 2025. *See* Docket 10. Petitioners have not filed a motion to stay these orders in this Court. The assets in question have been (i) disposed of and (ii) abandoned. *See* Rund Decl. at ¶ 6.

**III.      DISCUSSION**

A.     <u>Personal Property Abandonment Order is Untimely</u>

"[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered." Fed. R. Bankr. P. 8002(a)(1). The Parties do not dispute that the Petitioners' appeal of the Personal Property Abandonment Order is untimely. The Personal Property Abandonment Order was entered November 19, 2024. Petitioners concede their appeal of this order was filed "approximately 30 days after it was entered," *i.e.*, December 19, 2024. Opp. at 20.

Petitioners attempt to get around the untimeliness by arguing that the appeal is "interlocutory" and not final. Petitioners assert the "flexible finality" doctrine, which generally is applied to review otherwise non-appealable bankruptcy orders. Petitioners contend under this doctrine, the Bankruptcy's final order entered on November 19, 2024, should be treated as an interlocutory order. But Petitioners fail to provide any case support for this argument. Furthermore, Trustee provides ample case support for the proposition that "[a]n order authorizing abandonment is a final order." order. *Malden Mills Indus., Inc. v. Maroun*, 303 B.R. 688, 696 (1st Cir. BAP 2004); Reply at 7.

Accordingly, the Court finds Petitioners appeal of the Personal Property Abandonment Order is untimely, and **GRANTS** Trustee's Motion to Dismiss the Appeal as to the Personal Property Abandonment Order.

5

B.  **Appeal of Orders is constitutionally moot.**

Trustee seeks to dismiss the appeal of all three orders, arguing that because the property has all been abandoned, the appeals are both constitutionally and equitably moot.

An appeal from a bankruptcy court's order is constitutionally moot when an event occurring during an appeal's pendency makes it impossible for the court to grant "any effectual relief." *Trone v. Robert Farms, Inc. (In re Roberts Farms, Inc.)*, 652 F.2d 793, 797 (9th Cir. 1981). "The transfer or sale of a debtor's property to a non-party is an example of the type of event that supports dismissal for constitutional mootness." *In re Barbour*, 2017 WL 8791902, at *2 (C.D. Cal. Nov. 15, 2017), *aff'd*, 749 F. App'x 607 (9th Cir. 2019) (collecting cases); *see also Fultz v. Rose*, 833 F.2d 1380, 1380 (9th Cir. 1987) (dismissing an appeal as moot when appellees sold the property in dispute to a non-party, in compliance with an earlier court order, rendering the Ninth Circuit "no longer able to grant any effective relief from that order or to reach the merits of this appeal").

"Abandonment, once accomplished, is irrevocable." *Matter of Enriquez*, 22 B.R. 934, 935 (Bankr. D. Neb. 1982). "When property is abandoned in a bankruptcy proceeding, it is no longer part of the bankruptcy estate and the bankruptcy court does not have jurisdiction over matters concerning the abandoned property." *Sec. Nat'l Bank of Sioux City, Iowa v. Kant*, 2020 WL 13211641, at *1 (N.D. Iowa July 30, 2020). "The property simply falls out of the estate to whomever can claim a possessory interest." *In re Manchester Heights Assocs., L.P.*, 165 B.R. 42, 44 (Bankr. W.D. Mo. 1994). The trustee's abandonment of property "to whomever can claim a possessory interest" is functionally identical to the estate's third party property transfer: in either case, the estate no longer has any interest in (or control over) the property. *See In re Irwin*, 2007 WL 1725505, at *3 (E.D. Cal. June 14, 2007) ("In this case, the bankruptcy court did not order sale of the Property but rather its abandonment by the trustee. The distinction is immaterial for mootness analysis . . . ."). The abandonment challenged in the appeal is final and irrevocable.

Moreover, in the Ninth Circuit, "'mistakes in valuation will [generally] not enable a trustee to recover an abandoned asset.'" *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001). Recovery is

6

1   appropriate *only* where "the trustee is given incomplete or false information of the asset by the
2   debtor, thereby foregoing a proper investigation of the asset." *Id*.  Here, there is no claim the
3   trustee was given incomplete or false information about any of the assets.  In a declaration
4   submitted by the Trustee, the Trustee states "the Trustee independently valued *all* the abandoned
5   personal property (i.e., through his own appraiser)." *See* Rund Decl. at ¶ 11. The Bankruptcy
6   Court independently ensured the integrity of all retirement cash balances through *three*
7   Sequestration Orders (including requiring the Debtor provide an "audit trail" of her administration
8   of sequestered cash).  *See* Rund Decl. at ¶ 16."  Thus, even if not moot, there is no basis for the
9   bankruptcy court to take back property which has been abandoned by bankruptcy estate.

C.    Appeal of Orders is Equitably Moot.

Equitable mootness occurs when a "comprehensive change of circumstances" has occurred so "as to render it inequitable for this court to consider the merits of the appeal." *In re Roberts Farms,* 652 F.2d 793, 798 (9th Cir.1981). The question is whether the case "present[s] transactions that are so complex or difficult to unwind that the doctrine of equitable mootness would apply." *Lowenschuss v. Selnick (In re Lowenschuss),* 170 F.3d 923, 933 (9th Cir.1999). The Ninth Circuit has "not yet expressly articulated a comprehensive test, but our precedents have looked at whether a stay was sought, whether the plan has been substantially consummated, whether third party rights have intervened, and, if so, whether any relief can be provided practically and equitably." *In re Thorpe Insulation Co.*, 677 F.3d 869, 880–81 (9th Cir. 2012).

The abandonment orders have been fully consummated—the assets were delivered long ago and are no longer apart of the estate. *See* Rund Decl. at ¶¶ 12, 13, 17.  The assets are in hands of third parties or subject to Sequestration Orders pending a determination of the state probate proceedings.  And finally, Petitioners did not timely seek a stay of the bankruptcy court's orders— Petitioners waited 60 days after the Personal Property Abandonment Order and 30 days after the IRA/RMD and Arizona Painting Orders before (unsuccessfully) seeking a stay in the Bankruptcy Court.  Moreover, they did not seek a stay in this Court.  Therefore, in addition to this Cout's lack of jurisdiction over the assets, Petitioner's appeal is equitably moot. *See In re Barbour*, 2017 WL

1  8791902, at *4 ("In sum, because Wells Fargo lawfully seized the property that Appellant now
2  seeks to claim, it is both impossible and inequitable for this Court to award any effective relief in
3  this appeal. Therefore, this appeal is both constitutionally and equitably moot, and should be
4  dismissed.")

Petitioners' appeal of these orders is both constitutionally and equitably moot.

### IV.     CONCLUSION

For the foregoing reasons, Trustee's Motion to Dismiss the Appeal is **GRANTED**. Petitioner's appeals of the Bankruptcy Orders at ECF #614, 630, and 631 are dismissed with prejudice. It appears the only Bankruptcy Orders that remain as part of this appeal include ECF # 629 and 632. *See* Docket No. 1.

**IT IS SO ORDERED**.

Dated: July 23, 2025

_____
EDWARD M. CHEN
United States District Judge